[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 16, 1996
This is an action for declaratory judgment brought by the plaintiffs, Heather Lyn Condominium Association, Inc. and Ashland Condominium Association, Inc., against the defendants, Borough of Jewett City (Jewett City) and Borough of Jewett City Water Pollution Control Authority (WPCA).
The complaint makes the following allegations. On June 19, 1991, the Board of Wardens and Burgesses (Board) purported to adopt an ordinance creating the five member WPCA to replace the Board as the Jewett City sewer authority. The Charter of Jewett City (Charter) provides for one warden and four burgesses. The adoption of the ordinance was invalid, because two of the burgess positions were vacant and, therefore, a quorum was not present as required by the Charter. On September 18, 1991, the WPCA purported to adopt an ordinance establishing sewage use charges applicable to sewer users, including the plaintiffs.
The plaintiffs seek a declaratory judgment determining whether the June 19 and September 18 ordinances are valid and if invalid, whether the previous sewage use charge system remains in effect, and an accounting of the sewage use charges collected by the WPCA.
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. The party seeking summary judgment has the burden of showing the nonexistence of any material fact. HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202
(1995).
The parties do not dispute any of the facts. The dispositive issue in the present case is whether, under the Charter, the Board could lawfully adopt the ordinance creating and empowering the WPCA as the sewer authority when two of the burgess positions remained vacant.
The law has long been settled in Connecticut that a "city can do no act nor elect any officer unless it is authorized to do so CT Page 2851-C by its charter. If the charter points out a particular way in which any act is to be done . . . then, unless these forms are pursued in the doing of the act . . . the act is not lawful."State ex rel. Soughey v. Lashar, 71 Conn. 540, 546 (1899). Section 17 of the Charter states, in pertinent part:
 Any meeting of said Warden and Burgesses at which all are present shall be a legal meeting, in whatever manner said meeting shall have been warned or called; and at any meeting of the Warden and Burgesses a majority shall constitute a quor[u]m for the transaction of business.
(Emphasis added.) Section 4 of the Charter provides, in pertinent part, that "[t]he officers elected by the freemen of the Borough shall be a Warden, [and] four Burgesses, . . ." Further, § 6 of the Charter provides that, except in the election of officers of the Borough, the Warden is only authorized to "vote to dissolve a tie when necessary . . ."
The plaintiffs argue that the warden cannot be counted to determine whether a lawful quorum was present to conduct business on June 19, 1991, because the Charter only authorizes him to vote to break a tie. Therefore, the plaintiff argues, it was unlawful for the Board to conduct business until the two vacancies were filled at a special meeting of the freemen as provided under § 5 of the Charter. The defendants argue that the warden, regardless of his voting status, may be counted to determine whether a quorum was present.
Words purporting to give a joint authority to several persons shall be construed to give authority to a majority of them and the rule is that all bodies charged with the performance of public duties continue to function though a vacancy exists and a board may act as long as there exists a quorum equal to a majority of all the actual members of the board. Levinson v.Board of Chiropractic Examiners, 211 Conn. 508, 539 (1989). "[W]here an official is made a member of the council by charter or statute, the fact that he is given the right to vote only in case of a tie does not effect his membership. He must be counted toward a quorum in determining the number of votes necessary to pass a measure." 56 Am.Jur.2d. Municipal Corporations § 176; see also Barnett v. Fairfield Board of Education, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 299249 (October 26, 1993) (Fuller, J.). CT Page 2851-D
In the present case, the Charter expressly provides for a warden and four burgesses to constitute the Board. The presence of three members, therefore, is needed to constitute a quorum and the warden may be counted toward a quorum. Accordingly, a lawful quorum was present at the adoption of the June 19, 1991 ordinance creating the WPCA within the meaning of § 17.
Nothing in the language of § 5 required the Board to fill the vacancies by special election prior to adopting the ordinance. The plaintiffs' mere assertions of the Board's improper motives or conduct are not supported by the factual allegations set forth in the complaint and, therefore, may not be inquired into by this court. E.g., Whitney v. City of New Haven,58 Conn. 450, 458 (1890).
CONCLUSION
For the reasons stated above, the defendants' motion for summary judgment is granted.
HENDEL, J.